IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ROBERT & BARBARA GOULDING,<br><br>    (Counter)-Plaintiffs,<br><br>vs.<br><br>KARL ERICH & FRANCES JO MEHNER,<br><br>    (Counter)-Defendants. | No.  1:13-cv-01174-RHS/KBM |

MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO REMAND

    THIS MATTER comes on for consideration of Gerald Hassell and the Bank of New York Mellon's Joint Motion for Remand of the Action to State Court filed December 20, 2013 (Doc. 4) and Robert and Barbara Goulding's Motion to Remand filed December 26, 2013 (Doc. 5).  Upon consideration thereof, the motions are well taken and should be granted and attorney's fees awarded.  The court has considered the Mehners' motion to strike or summarily deny the motions for remand (or to extend time to file a response based upon a violation of D.N.M. LR-Civ. 7.1(a)) (Doc. 8), and concludes that the motion, and all relief sought therein, Doc. 8 at 15-16, should be denied and the matter remanded forthwith.

Background

The underlying state court docket sheet reveals that Karl Mehner and Frances Mehner filed a quiet title complaint.  Mehner v. Hassel, No. D-202-CV-201301998 (N.M. Second Jud. Dist. Ct. Feb. 27, 2013).  The Mehners seek to challenge a 2004 foreclosure of real property, Bank of New York v. Mehner, No. D-202-CV-200401605 (N.M. Second Judicial Dist. Ct.), albeit without the participation of the current owners of the property, the Gouldings.  Apparently, the state district court was not persuaded.  The Gouldings first obtained summary judgment and injunctive relief against the Mehners.  Mehner v. Hassel, No. D-202-CV-201301998 (N.M. Second Jud. Dist. Ct. Aug. 26, 2013).  Defendants Gerald Hassel and the Bank of New York then obtained dismissal of all the Mehners' remaining claims with prejudice on December 13, 2013.  Mehner v. Hassel, No. D-202-CV-201301998 (N.M. Second Jud. Dist. Ct. Dec. 13, 2013).  The Mehners filed their notice of removal on December 11, 2013, after the state trial judge announced his latest decision, but before the order memorializing it was entered.  Doc. 4 at 2-3.  The Mehners' ostensible basis for removal is 28 U.S.C. § 1443(1), allowing a defendant to remove a state-court proceeding if he cannot vindicate his or her civil rights.

Discussion

There are any number of reasons why this removal is patently improper and the court lacks jurisdiction.  First, the Mehners are plaintiffs in the underlying state district court action.  28 U.S.C. § 1446(a).  As such, they may not remove on the basis that they

-2-

also are counter-defendants.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-108 (1941); Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989); Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972).  Second, a check of the state district court docket sheet indicates that the Gouldings' answer to the complaint to quiet title and their counterclaim was filed on March 18, 2013,[1] and the Mehners' removal petition was filed on December 10, 2013, well after the 30 day period for removal.  28 U.S.C. § 1446(b).  Third, the Mehners fail to satisfy the prerequisites for § 1443(1) removal; general claims about insufficient or inadequate procedure concerning their attempt to relitigate foreclosure do not suffice for federal civil rights involving racial equality, let alone a state court deprivation of such rights.  See Johnson v. Mississippi, 421 U.S. 213, 219 (1975); Miller v. Lambeth, 443 F.3d 757, 761-762 (10th Cir. 2006).

It appears that the Mehners are not strangers to the requirements of federal removal jurisdiction.  See Bank of New York v. Mehner, 1:05-cv-00355-JB-WDS, Doc. 18 (D.N.M. May 31, 2005).  The court concludes that attorney's fees and costs should be awarded to the movants.  28 U.S.C. § 1447(c).  Given the progress of the state case and the rejection of the Mehners' claims, the removal was designed as an end run around appeals of adverse state court rulings.  See Garrett v. Cook, 652 F.3d 1249, 1253-1254 (10th Cir. 2011).  Seeking removal as a plaintiff, albeit a counter-defendant also, under § 1443(1) was objectively unreasonable.  Id. at 1257.  Movants should submit their

---

[1] The Gouldings represent that it was served by first-class mail.  Doc. 5 at 3.  The Mehners did not attach all state pleadings as required by 28 U.S.C. § 1446(a).

motions for fees and costs within fourteen days from the date of entry of this order. Responses and replies may be filed in accordance with D.N.M. LR-Civ. 7.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) the Mehners' Motion to Strike or Summarily Deny the Motions for Remand, or Motion to Extend Time for Defendants to Respond filed January 7, 2014 (Doc. 8) is denied;

(2) Defendants Gerald Hassell and the Bank of New York Mellon's Joint Motion for Remand of the Action to State Court filed December 20, 2013 (Doc. 4) is granted;

(3) Robert and Barbara Goulding's Motion to Remand filed December 26, 2013 (Doc. 5) is granted;

(4) the Clerk is directed to mail a certified copy of this order of remand for lack of subject matter jurisdiction, 28 U.S.C. § 1447(c), to the clerk of the New Mexico Second Judicial District; and

(5) Movants may file motions for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) within 14 days from the date of entry of this memorandum opinion and order.

DATED this <u>9th</u> day of January 2014, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Karl Erich Mehner, pro se.

Frances Jo Mehner, pro se.

Joseph L. Werntz, Moses, Dunn, Farmer & Tuthill, P.C., Albuquerque, New Mexico, for Robert and Barbara Goulding.

William R. Keleher & Allison L. Biles, Modrall, Sperling, Roehl, Harris & Sisk, P.A. Albuquerque, New Mexico, for Gerald Hassell and the Bank of New York.